## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ANDERSON DIVISION

| | | |
|---|---|---|
| Richard Redden, | ) | |
| | ) | C.A. No. 8:10-cv-02504-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Walgreen Co., d/b/a Walgreens, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This case arises out of Defendant Walgreen Co.'s ("Walgreens") termination of Plaintiff Richard Redden's ("Redden") employment. Currently before the court is Walgreens's Motion to Dismiss [Doc. 8] pursuant to Fed. R. Civ. P. 12(b)(6) in which Walgreens asks the court to dismiss Redden's Complaint alleging a cause of action for wrongful discharge in violation of public policy.

## LEGAL STANDARD

To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice ... of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal

1

citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir.1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## FACTUAL AND PROCEDURAL BACKGROUND

Redden was employed as a pharmacist at one of Walgreens's locations in Anderson, South Carolina from September 2008 until his termination on June 21, 2010. Redden alleges

pharmacy technicians with whom he worked lacked the necessary experience and competence to safely fill customers' prescriptions, and he reported his concerns about the technicians to the manager of the location at which he worked and Walgreens's District Office in Greenville, South Carolina. Redden claims he was terminated in retaliation for voicing his concerns about the qualifications of the technicians.

Redden commenced this action against Walgreens alleging a cause of action for wrongful termination in violation of public policy in the Court of Common Pleas for Anderson County, South Carolina. Walgreens removed the case to this court and filed this motion to dismiss.

## DISCUSSION

Generally, an employer may terminate an at-will employee for any reason or for no reason at all. *Culler v. Blue Ridge Elec. Co-op., Inc.*, 309 S.C. 243, 422 S.E.2d 91 (1992). However, when an employer terminates an employee for a reason that violates a clear mandate of public policy, the terminated employee has a cause of action for wrongful discharge. *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 225, 337 S.E.2d 213, 216 (1985). The public policy exception has been found to apply in two situations: (1) when an employer forces an at-will employee to break the law in order to keep his job; and (2) when "the reason for the employee's termination was itself a violation of the criminal law." *Love v. Cherokee Cnty. Veterans Affairs Office*, No. 7:09-194-HMH, 2009 WL 2394369 (D.S.C. July 31, 2009) (citing *Ludwick*, 287 S.C. 219, 337 S.E.2d 213, and *Lawson v. S.C. Dept. of Corr.*, 340 S.C. 346, 532 S.E.2d 259, 261 (2000)). When a terminated employee sues his former employer alleging the employer violated rights other than the right to employment — constitutional rights or rights

3

granted by a specific statute, for example — he has no cause of action for wrongful discharge in violation of public policy. *See Wiedeman v. Ridgeway Min. Co.*, No. 0:92-2342-17, 1993 WL 379545 (D.S.C. June 23, 1993) (citing *Epps v. Clarendon Cnty.*, 304 S.C. 424, 426, 405 S.E.2d 386, 387 (1991)).

In his Complaint, Redden alleges Walgreens forced him to work in an environment that violated the South Carolina Pharmacy Practice Act (the "Act"), S.C. Code Ann. §40-43-30 *et seq.* The Act requires a pharmacist-in-charge to be assisted by as many licensed pharmacists and registered pharmacy technicians as necessary to competently and safely provide "pharmacy services." S.C. Code Ann. § 40-43-86(B)(4). The Act also requires a pharmacist-in-charge to develop and put into practice policies to specify the responsibilities of pharmacy technicians. *Id.* Pharmacy technicians should be given duties commensurate with their education and experience, and they must be supervised by a licensed pharmacist who is responsible for the technicians' activities. *Id.*

Walgreens argues that the provisions of the Act on which Redden relies do not support his claim for wrongful discharge in violation of public policy because the provisions only apply to a pharmacist-in-charge and Redden does not assert that he was a pharmacist-in-charge. The Act defines "pharmacist-in-charge" as, "[A] pharmacist currently licensed in this State who accepts responsibility for the operation of a pharmacy in conformance with all laws pertinent to the practice of pharmacy and the distribution of drugs and who is in full and actual charge of the pharmacy and personnel." S.C. Code Ann. § 40-43-30(40). Redden does not plead that he was a pharmacist-in-charge at any point during his employment with Walgreens. He does not allege that he had any authority over the pharmacy technicians or that he developed and implemented

4

any policies or procedures to specify the responsibilities of pharmacy technicians, though the Act requires pharmacists-in-charge to do so. Redden offers no substantive response to Walgreens's contention that the Act does not protect him, but merely makes the bald assertion that he "clearly" was required to work in violation of the Act. Because Redden was not a pharmacist-in-charge, he was not required to adhere to the provisions of the Act governing the actions of a pharmacist-in-charge and the Act does not protect him. Therefore, he cannot demonstrate that Walgreens required him to break the law in order to keep his job.

In his response to Walgreens's motion and for the first time, Redden makes additional claims that his termination was against public policy because he was fired in retaliation for exercising his First Amendment right to free speech. To support his claim, Redden cites *Moshtaghi v. The Citadel*, 314 S.C. 316, 443 S.E.2d 915 (Ct. App. 1994), and its progeny. Although the court in *Moshtaghi* found, generally, that it is against public policy to fire an employee "because of political opinions or the exercise of political rights and privileges[]," 314 S.C. at 322, 443 S.E.2d at 919 n. 5 (quoting S.C. Code Ann. § 16-17-560), the court held that the plaintiff in that case had not been terminated for exercising his constitutional rights. *Moshtaghi*, 314 S.C. 316, 443 S.E.2d 915. Similarly, Redden's expressions of concern about his coworkers were not political in nature and do not constitute speech protected by the First Amendment. Therefore, he cannot sustain a claim for termination in violation of public policy arising from the First Amendment. *See Tucker v. Cherokee Cnty. Veterans Affairs Office*, No. 7:09-193-HMH, 2009 WL 2394374 (D.S.C. July 31, 2009) (holding that a plaintiff's First Amendment rights had not been violated by her employer's termination of her employment in response to the plaintiff's

testimony to a governmental panel about the employer and that her termination did not violate South Carolina's public policy).

Redden further contends that Walgreens violated the criminal law in firing him, and therefore he has a cause of action for wrongful discharge in violation of public policy. Redden notes that the American Pharmaceutical Association Code of Ethics ("Code of Ethics"), which has been adopted as the code of ethics governing pharmacists in South Carolina, requires pharmacists to be honest, "act with conviction of conscience," and avoid discriminatory practices or work environments. *Code of Ethics for Pharmacists*, AMER. PHARMACISTS ASS'N (Oct. 27, 1994), http://www.pharmacist.com; *see also* S.C. Code Ann. § 40-43-86(W). Redden argues that Walgreens terminated him for fulfilling an ethical duty required of him by the Code of Ethics and such termination constituted a criminal offense against public policy. *See* S.C. Code Ann. § 16-17-560 (prohibiting the firing of anyone for exercising a civil right).

Redden does not allege, however, that any of his coworkers were unlicensed or unqualified in any way other than in his own personal judgment. Furthermore, Redden fulfilled his ethical duty when he voiced his concerns to Walgreens. Walgreens is not obligated to agree with his opinions about his coworkers or work environment barring some evidence that the conditions about which Redden complained violated the law. Additionally, as discussed above, Redden's reporting of his concerns to his superiors was not the exercise of a political or civil right. Therefore, he cannot maintain his action on the basis of a violation of criminal law by Walgreens.

Accordingly, Redden has failed to state a cause of action for wrongful termination in violation of public policy.

**CONCLUSION**

For the foregoing reasons, the court **GRANTS** Defendant's Motion to Dismiss [Doc. 8].

**It is so ordered.**

s/ J. Michelle Childs

United States District Judge

July 27, 2011

Greenville, South Carolina